# UNITED STATES BANKRUPTCY COURT
# FOR THE
# WESTERN DISTRICT OF KENTUCKY

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| SMITH MINING AND MATERIAL, LLC | ) | CASE NO. 06-30260 |
| | ) | |
| Debtor(s) | ) | |
| | ) | |
| J. BRUCE MILLER, TRUSTEE | ) | |
| | ) | |
| Plaintiff(s) | ) | AP NO. 08-3015 |
| | ) | |
| v. | ) | |
| | ) | |
| CERTIFIED CONSTRUCTION CO. OF | ) | |
| KENTUCKY, LLC | ) | |
| | ) | |
| Defendant(s) | ) | |

## MEMORANDUM-OPINION

This matter came before the Court for hearing on the Motion to Reopen and to Set Aside Default Judgment of Defendant Certified Construction Company of Kentucky, LLC ("Certified"). The Court considered the Motion of Certified, the Objection to Defendant's Motion to Reopen and Set Aside Default Judgment of Trustee, J. Bruce Miller ("Trustee"), the comments of counsel at the hearing held on the matter and the testimony of Allen Wood Buckles. For the following reasons, the Court **DENIES** the Defendant's Motion to Set Aside Default Judgment.

## FACTUAL AND PROCEDURAL BACKGROUND

On February 8, 2008, the Trustee initiated an adversary proceeding against Certified with the filing of a complaint to avoid and recover preferential transfers.

On February 14, 2008, the Trustee issued Summons for service of process on Certified.

On February 19, 2008, the Trustee filed a Certificate of Service of Summons indicating that service of the Summons and a copy of the Complaint were made on February 19, 2008 by regular first-class United States mail, postage fully prepaid addressed to: William E. Holbert, agent, Certified Construction Company of Kentucky, LLC, 3399 Old Sonora, Hodgenville, Kentucky 42748.  In reality, the Summons was returned undeliverable, a fact noted by the Trustee in his Motion for Default.

On March 12, 2008, the Trustee had an Alias Summons issued on Certified.

On April 17, 2008, Trustee certified service of the Alias Summons along with a copy of the Complaint on March 18, 2008, by regular first-class United States Mail, postage fully prepaid addressed to: William E. Holbert, agent, Certified Construction Company of Kentucky, LLC, 3399 Old Sonora Road, Hodgenville, Kentucky 42748.  The Old Sonora Road address is the address reflected in the corporate records of the Kentucky Secretary of State for Certified and William E. Holbert is listed as the registered agent for service of process.  The Alias Summons was not returned.

On April 17, 2008, Trustee filed a Motion for Default Judgment based on Certified's failure to timely respond to the Alias Summons.

On April 22, 2008, the Court entered the Trustee's proposed Order granting the Motion for Default Judgment against Certified.

On June 24, 2008, Trustee filed an Affidavit for Writ of Non-Wage Garnishment against Certified seeking enforcement of the Judgment.

On July 17, 2008, Certified filed a Response to Affidavit for Non-Wage Garnishment and a Motion to Set Aside Order of Garnishment.  Certified claimed in its Response that it never received the Summons and Complaint.

On July 29, 2008, Certified filed its Motion to Reopen Case and Set Aside Default Judgment. Certified maintains it did not receive the Summons and that it was not properly served. Certified claims that William Holbert is Certified's Vice President and agent for service of process, but that Holbert did not receive the service of process and had actually settled the matter referenced in the adversary proceeding. Allen Buckles, the President of Certified, testified that Holbert received all mail on behalf of Certified at a post office box address, not the Old Sonora Road address. Buckles also testified that he resolved all outstanding accounts with Smith Mining on August 7, 2006. Buckles testified that his first notice of the adversary proceeding occurred when he received the garnishment from PNC Bank.

## **LEGAL ANALYSIS**

Certified seeks to have the default judgment entered against it set aside claiming it was not properly served and that it had no actual or constructive notice of the adversary proceeding prior to entry of the Order of Non-Wage Garnishment. Rule 7055(2)(c) of the Federal Rules of Bankruptcy Procedure states that for good cause the court may set aside a judgment by default in accordance with Rule 60(b) of the Federal Rules of Civil Procedure. It is undisputed that the Alias Summons was addressed to Certified's registered agent for service of process, William Holbert, at the address listed on the corporate records filed with the Kentucky Secretary of State.

Rule 60(b) of the Federal Rules of Civil Procedure permits the court to relieve a party from final judgment in cases of mistake, inadvertence, surprise or excusable neglect. The facts and circumstances set forth by Certified do not equate to mistake, inadvertence or surprise. The Court must determine whether Certified's claim of failure to receive notice constitutes excusable neglect. The Court concludes under appropriate case law, it does not.

When making a determination as to whether relief from a Judgment is appropriate, the Court should consider the following three factors: (1) whether the party seeking relief is culpable; (2) whether the party opposing relief will be prejudiced; and (3) whether the party seeking relief has a meritorious claim or defense.  Williams v. Meyer, 346 F.3d 607, 613 (6th Cir. 2003).  The party seeking to set aside the default judgment must first establish that the default did not result from culpable conduct.  Only if this is established, must the Court consider the other two factors.  Weiss v. St. Paul Fire and Marine Ins. Co., 283 F.3d 790, 794 (6th Cir. 2002).  A party's conduct is culpable if it shows an intent to thwart judicial proceedings or a reckless disregard for the effect of its conduct on the proceedings.  Williams, 346 F.3d at 613.

Whether neglect is excusable is an equitable issue taking into account all relevant circumstances surrounding the party's omission, including the danger of prejudice to the opposing party and its potential impact on judicial proceedings, the reason for the delay, including whether it is within the reasonable control of the movant and whether the movant acted in good faith.  Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. Partnership, 507 U.S. 380, 395 (1993).  The record in this case demonstrates that the registered agent for service of process as identified by Certified in its corporate records was served in accordance with the appropriate rules.  The Alias Summons was not returned undeliverable and Certified failed to explain how the service was not proper.

Service is complete upon mailing which creates a presumption that it was received by the addressee.  In re Hardy, 187 B.R. 604, 607 (Bankr. E.D. Tenn. 1995), citing Bratton v. Yoder Co., 758 F.2d 1114, 1118 (6th Cir. 1985).  Certified's claim that service was not proper because it did not receive it is not sufficient.  "To allow a simple denial of receipt, standing alone, to rebut the

4

presumption would be to destroy the presumption entirely." See, In re Patterson, 330 B.R. 631, 638 (Bankr. E.D. Tenn. 2005), quoting, In re O'Bryan, 246 B.R. 271, 277 (Bankr. W.D. Ky. 1999).

The record before the Court does not demonstrate excusable neglect, but rather reckless disregard on the part of Certified.  Certified contends it has a meritorious defense and that it previously settled the claim referenced in the adversary proceeding.  The Court need not consider these issues because Certified did not meet its initial burden of establishing excusable neglect. Weiss v. St. Paul Fire and Marine Ins. Co., 283 F.3d 790, 794 (6th Cir. 2002).  The Court acknowledges its preference for deciding matters on the merits, but believes equally in the "important policy in favor of preserving the finality of judgments, even if they are rendered by default." In re Bradbury, 310 B.R. 313, 320 (Bankr. N.D. Ohio 2003).  " . . .it is the court's judgment that there has to come a point where procedure prevails, otherwise the rules of procedure would not actually be rules, but instead would merely become guidelines or suggestions." Id.  The Court has no explanation as to why the initial Summons was returned undeliverable, but the record is clear that the Alias Summons was not returned and was addressed to the proper registered agent for service of process pursuant to the Kentucky Secretary of State's corporate records.  Trustee followed all of the rules on service and Certified failed to establish sufficient reasons for setting aside the default judgment.

## **CONCLUSION**

For all of the above reasons, the Motion to Reopen and to Set Aside Default Judgment of Defendant Certified Construction Co. of Kentucky, LLC is **DENIED**.  An Order accompanies this Memorandum-Opinion.

UNITED STATES BANKRUPTCY COURT
FOR THE
WESTERN DISTRICT OF KENTUCKY

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| SMITH MINING AND MATERIAL, LLC | ) | CASE NO. 06-30260 |
| | ) | |
| Debtor(s) | ) | |
| | ) | |
| J. BRUCE MILLER, TRUSTEE | ) | |
| | ) | |
| Plaintiff(s) | ) | AP NO. 08-3015 |
| | ) | |
| v. | ) | |
| | ) | |
| CERTIFIED CONSTRUCTION CO. OF KENTUCKY, LLC | ) | |
| | ) | |
| Defendant(s) | ) | |

## ORDER

Pursuant to the Memorandum-Opinion entered this date and incorporated herein by reference,

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the Motion to Reopen and to Set Aside Default Judgment of Defendant Certified Construction Co. of Kentucky, LLC, be and hereby is, **DENIED**.